UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A. | Case No. 3:16-cv-00135-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| NORTH TRUCKEE TOWNHOMES HOMEOWNERS ASSOCIATION, E. ALAN TIRAS, | |
| Defendants. | |

## I.  SUMMARY

This case concerns a homeowners association's ("HOA") foreclosure of property within its development pursuant to Nevada Revised Statutes Chapter 116. Before the Court are two motions filed by Defendant E. Alan Tiras ("Tiras"): (1) motion to dismiss ("Motion to Dismiss") (ECF No. 29) and (2) motion for sanctions ("Motion for Sanctions") (ECF No. 43). The Court has reviewed Plaintiff Bank of America, N.A.'s ("BANA") respective responses (ECF Nos. 38, 44) and Tiras replies (ECF Nos. 39, 45). For the reasons discussed below, the Court grants Tiras's Motion to Dismiss and denies Tiras's Motion for Sanctions.

## II.  BACKGROUND

### A.  Statutory Framework

In 1991, the Nevada legislature created the HOA lien statute found in Nevada Revised Statute Chapter 116. *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 410 (Nev. 2014). The statute allows an HOA to place a lien on a residential unit within its

1

common-interest community for any assessment levied against that residential unit.[1] *See* NRS § 116.3116(1) (2011).[2] Once the HOA places a lien on the residential unit, the statute makes the HOA's lien prior to all other liens and encumbrances on the unit, except for: (a) liens and encumbrances recorded before the recordation of the declaration that creates the HOA; (b) a first security interest on the unit recorded before the date where the assessment sought by the HOA became delinquent; and (c) liens for real estate taxes and other governmental assessments against the unit. *See* NRS § 116.3116(2). However, the statute creates a partial exception—an exception to the exception—regarding the priority of a first security interest, e.g., a mortgage, recorded before the date of an assessment delinquency:

> *The [HOA] lien is also prior to all security interests described in paragraph (b)* to the extent of any [maintenance and nuisance-abatement] charges incurred by the association on a unit pursuant to NRS 116.310312 and *to the extent of the assessments for common expenses* [i.e., HOA dues] based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien…*This subsection does not affect* the priority of mechanics' or materialmen's liens, or *the priority of liens for other assessments made by the association.*

*SFR Investments*, 334 P.3d at 410-11 (citing NRS §116.3116(2)) (emphasis added in original). In other words, this statutory provision allows the HOA to split its lien into two pieces: a superpriority piece and a subpriority piece. The superpriority piece of the HOA's lien consists of the last nine months of unpaid HOA dues as well as maintenance and nuisance-abatement charges. *Id.* at 411. Pursuant to the statute, this superpriority piece

---

[1] The statute defines "common-interest community" as "real estate described in a declaration with respect to which a person, by virtue of the person's ownership of a unit, is obligated to pay for a share of real estate taxes, insurance premiums, maintenance or improvement of, or services or other expenses related to, common elements, other units or other real estate described in that declaration." NRS § 116.021(1) (2011).

[2] Nevada Revised Statute Chapter 116 has been amended several times since 2011. In 2015, NRS 116.3116 was amended and reorganized. 2015 Nev. Stat. 1331, 1334. Unless otherwise indicated, references to NRS Chapter 116 are to the 2011 version of the statute because the foreclosure in this case occurred in December 2011.

is prior to a first deed of trust.[3]

The HOA foreclosure process, NRS §§ 116.31162 - 116.31168, requires an HOA to first notify the owner of the residential unit of the delinquent assessments. NRS § 116.31162(1)(a). If the owner does not pay within 30 days of this notice of delinquent assessment, then the HOA may record a notice of default and election to sell. NRS § 116.31162(1)(b). The homeowner must then be allowed 90 days to pay off the amount of the lien, including costs, fees and expenses incident to enforcement. NRS § 116.31162(1)(c). If the lien is not paid off in this time, then the HOA may proceed with the sale.

A security interest holder is entitled to notice only if it has notified the HOA, before the mailing of the notice of sale, of the existence of the security interest. NRS § 116.311635(1)(b)(2). Specifically, the HOA is required to provide not only the homeowner with notice of default and election to sell, but it must also notify "[e]ach person who has requested notice pursuant to NRS 107.090 or 116.31168(1)" and "[a]ny holder of a recorded security interest encumbering the unit's owner's interest who has notified the association, 30 days before the recordation of the notice of default, of the existence of the security interest." NRS §§ 116.31163(1) - (2). If a holder of a recorded security interest encumbering the residential unit owner's interest has notified the HOA more than 30 days before the notice of default is recorded, the association "or other person conducting the sale" must mail by first-class mail a copy of the notice of default and election to sell within 10 days of the notice being recorded. NRS § 116.31163(2). Absent a holder of a recorded security interest's compliance with these "opt-in" notice requirements, the HOA may proceed with a non-judicial foreclosure sale in the event that the homeowner has still failed to remedy the delinquent assessments.

///

///

---

[3] By contrast, the subpriority piece consists of all other HOA fees or assessments and is subordinate to the first deed of trust.

3

## B. Relevant Facts

The following facts are taken from the Complaint. (ECF No. 1.)

In November 2009, Melissa Henderson obtained refinancing from BANA ("the Loan"). The loan was evidenced by a promissory note and secured by a deed of trust ("DOT") encumbering the property located at 3168 N. Truckee Lane in Sparks, Nevada ("the Property"). The Property is within the North Truckee Townhomes Homeowners Association ("North Truckee"). MERS subsequently assigned the DOT to BANA.

On February 17, 2011, North Truckee recorded a notice of delinquent assessment lien in the amount of $1,018.58.[4] On April 26, 2011, North Truckee recorded a notice of default and election to sell to satisfy the delinquent assessment lien. The notice stated that the total amount due to North Truckee was $1,888.58, but did not indicate whether that amount included dues, interests, fees and collection costs. On October 25, 2011, North Truckee recorded a notice of HOA sale, which was scheduled for December 5, 2011. The notice also stated that the amount due to North Truckee was $3,553.58, which included fees, assessments and other charges.

On May 23, 2011, MERS as nominee, requested a ledger from North Truckee that would provide information to enable the servicer of the Loan to satisfy the super priority portion of the HOA lien. North Truckee refused.

North Truckee foreclosed on the Property on December 5, 2011. Tiras wrote in the foreclosure deed that the sale price was $4,713.58, which was less than 5% of the value of the unpaid principal balance on the Loan.

BANA asserts three claims against Tiras and North Truckee: (1) quiet title/declaratory judgment; (2) breach of NRS § 116.1113; and (3) wrongful foreclosure[5]. (ECF No. 1 at 6-13.) Tiras seeks dismissal of all three claims.

/ / /

---

[4]The Complaint alleges that North Truckee performed the acts identified in this paragraph "through its agent Tiras." (ECF No. 1 at 4-5.)

[5]BANA also asserts a fourth claim for injunctive relief against North Truckee. (ECF No. 1 at 14.)

4

## III. MOTION TO DISMISS (ECF No. 29)

### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

1106 (7th Cir. 1989) (emphasis in original)).

## B. Analysis

Tiras seeks dismissal based on several grounds. The Court finds that the first ground—the conduct complained of was taken in Tiras' role as attorney for Townhomes—is dispositive of the Motion. The Court thus declines to address the remaining arguments

Tiras contends that it was acting solely as the attorney for North Truckee and that, in overseeing the foreclosure sale, it did not owe a duty to anyone other than its client, North Truckee. (ECF No. 29 at 7-9.) The acts that Tiras allegedly performed as North Truckee's agent include: recording a notice of delinquent assessment lien; recording a notice of default and election to sell to satisfy the delinquent assessment lien; recording a notice of the HOA sale; refusing to provide a ledger from North Truckee to MERS. (ECF No. 1 at 4-5.)

BANA responds that Tiras was acting not as North Truckee's attorney but as the non-judicial foreclosing trustee who conducted the foreclosure sale. (ECF No. 38 at 4-5.) BANA relies on *Shannon v. ReconTrust Co.,* No. 3:11-cv-908-RCJ-WGC, 2012 WL 1695664, at *1 (D. Nev. May 11, 2012), to support its contention that as a trustee in a non-judicial foreclosure sale, Tiras acted as the agent for both the trustor and beneficiary. (*See* ECF No. 38 at 5.) However, *Shannon v. ReconTrust Co.* involved a non-judicial foreclosure sale executed under NRS § 107.080 *et seq.* where the trustee under a deed of trust initiated the foreclosure sale against a homeowner/mortgagor/trustor on behalf of the mortgagee/beneficiary. Comparison of the foreclosure of a statutorily created HOA lien to the foreclosure of a deed of trust is inapposite; a deed of trust establishes a triangular relationship whereby a trustee acts on behalf of a mortgagee/beneficiary and owes duties to the mortgagor/trustor under NRS § 107.080 *et seq.* By contrast, NRS § 116.3116 *et seq.* contemplates a unique situation whereby a non-judicial foreclosure sale is conducted by an HOA, as holder of a superpriority lien established by statute, against the interest of the owner of the residential unit who is delinquent in payment of HOA assessments and other fees. Nowhere in NRS §§ 116.3116 through 116.3117, which

establishes the HOA superpriority lien and the foreclosure process, does the statute mention a "trustee." Thus, characterizing an entity performing an HOA foreclosure sale on behalf of an HOA as a "trustee" mischaracterizes the relationship established under NRS Chapter 116 between the HOA and the owner of a residential unit.

BANA also argues that Tiras owes BANA a duty of good faith because BANA is a third party beneficiary to North Truckee's CC&Rs. (ECF No. 38 at 5.) However, BANA does not allege that Tiras is a party to the CC&Rs. The CC&Rs do not create a relationship between BANA and Tiras, let alone imposes a duty of good faith.

In sum, the Court agrees with Tiras that as attorney for North Truckee in undertaking the activities to foreclose on the HOA, Tiras owed no duty to BANA upon which BANA can seek to impose liability upon Tiras. *See Pennymac Loan Services, LLC v. Townhouse Greens Ass., Inc.,* Case No. 3:16-cv-00504-MMD-VPC, 2017 WL 2951426 (D. Nev. July 10, 2017) (dismissing claims against law firm who acted as an agent of the HOA in conducting foreclosure sale on the HOA lien).

## IV. MOTION FOR SANCTIONS (ECF No. 43)

Tiras seeks sanctions under Fed. R. Civ P. 11, contending that the Complaint is frivolous. (ECF No. 43.) While the Court grants Tiras's Motion to Dismiss, the Court does not find that BANA's claims against Tiras are frivolous. There exists at least one case in the District of Nevada where the court implicitly held attorneys acting on behalf of an HOA to be a party to a claim for quiet title. *See, e.g., Bayview Loan Servicing, LLC, v. Alessi & Koenig, LLC et al.*, 962 F. Supp. 2d 1222 (D. Nev. 2013); *Bank of New York Mellon v. Highland Ranch Homeowners Ass'n et.al.*, No. 3:16-cv-00436-RCJ-WGC (D. Nev. Dec. 6, 2016). For these reasons, the Court denies Tiras's Motion for Sanctions.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Tiras's motions.

7

It is therefore ordered that Tiras's Motion to Dismiss (ECF No. 29) is granted and its Motion for Sanctions (ECF No. 43) is denied.

The Clerk is directed to enter judgment in favor of Tiras in accordance with this Order.

DATED THIS 28th day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE